UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Camille H. Saffer<br>Plaintiff,<br><br>v.<br><br>Trident Technical College,<br>Defendant. | CASE NO.: 2:22-cv-3776-DCN-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Title VII of the US Civil Rights Act of 1964, on the basis of sex (female), and in of violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et. seq*.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of race discrimination, retaliation and retaliatory discharge was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about October 21, 2021.

   c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff is entitled to the protections of the Family and Medical Leave Act (FMLA) on account of her own serious health condition, as well as her need for and use of medical leave protected by the act.

4. The Plaintiff, Camille H. Saffer, at all relevant times herein, was a citizen and resident of the State of South Carolina, and resided in Berkeley County, South Carolina.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. That, upon information and belief, the Defendant, Trident Technical College, is an entity organized and doing business in Charleston County, State of South Carolina.

7. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

1

8. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. The Defendant is a "person" within the meaning of the Family and Medical Leave Act ("FMLA").

11. The Defendant is an industry that affects commerce within the meaning of the FMLA.

12. The Defendant employs fifty (50) or more employees and are an "employer" within the meaning of the FMLA.

13. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

14. The Plaintiff began working for Trident Technical College on or about September 1, 2011, as an Administrative Assistant. At all times relevant, the Plaintiff was effective and efficient at her work.

15. On or about November 9, 2020, Plaintiff was approved for one day off for a personal day, and on November 10, 2020, Plaintiff had a medical crisis/emergency, as the medications that she was taking began to make her hallucinate. Plaintiff was discovered in her home on November 15, 2020, by her sister and Plaintiff was transported to the hospital and placed into the ICU.

16. Plaintiff's sister, Cheryl Bachar, texted and left a voicemail for Plaintiff's supervisor, Natalie Gamble, letting them know of the Plaintiff's emergency medical condition and to discuss FMLA for Plaintiff, but she never received a text or phone call back from Ms. Gamble.

17. On or about November 16, 2020, Plaintiff spoke to the head of Human Resources, DeVetta Hughes, who informed Plaintiff that she had been terminated for no call no show on November 10-12, 2020. Plaintiff attempted to explain that she was not able to contact Defendant to let them know what was going on because of a medical emergency, and that she was still currently in the hospital for her condition. Defendant continued with the termination anyway.

18. Because Defendant was made aware the Plaintiff had an emergency medical condition and hospitalization, it was required to put Plaintiff on the FMLA as it was aware of the circumstances and that she qualified for FMLA.

19. On or about November 18, 2020, Plaintiff was released from the hospital and was committed to Palmetto Behavioral Health until November 25, 2020.

20. Despite Plaintiff being terminated, Plaintiff's coworker, Karl Koch, had missed several weeks with no call no show and was allowed to keep his job.

## FOR A FIRST CAUSE OF ACTION
### Violation of Civil Rights/Discrimination Under Title VII

21. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

22. The Plaintiff is a member of a protected group on the basis of her sex and gender.

23. The Plaintiff was discriminated against and denied FMLA due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

24. Similarly situated male employees received preferential treatment by being able to miss several weeks without notice and without the repercussions to which the Plaintiff was subjected, due to her sex and gender.

25. The Plaintiff engaged in a protected activity by reporting the Defendant's unlawful employment practices and filing a charge with the EEOC.

26. The Plaintiff was harassed by the Defendant when they singled her out for needing to take FMLA, even though male employees were not issued the same requirement.

27. The aforesaid discrimination to which the Plaintiff was subjected was permitted to continue by the Defendant, despite knowledge that it was occurring. The Defendant was wanton, reckless, wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ the Plaintiff due to her sex and gender; and

   b. In discharging the Plaintiff due to her sex and gender as a result of her need to take FMLA, and for filing reports of the discrimination with the EEOC.

28. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq*.), by allowing the sex and/or gender discrimination and preferential treatment, and retaliation to exist in the workplace.

29. That in failing to protect the Plaintiff from sex and/or gender discrimination, and retaliation or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq*.), and Equal Employment Opportunity Commission.

30. As a direct and proximate result of the Defendant's discrimination on the basis of sex and/or gender, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

31. The Defendant's employment discrimination and discharge of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses,

embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

32. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, to include punitive damages, attorney's fees and costs, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay, and all other remuneration to which she may be entitled by law.

## FOR A SECOND CAUSE OF ACTION
### Violation of Family and Medical Leave Act

33. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

34. The Plaintiff is informed and believes that upon her request, she was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.) and Defendant's discipline against Plaintiff and discharge of her employment as a result of her having requested such leave is a violation of her rights under said statute.

35. The Defendant is a qualified "employer" subject to the said Family and Medical Leave Act and this Court has jurisdiction to enforce the provisions of said statute as it is a federal statute.

36. The Defendant's discipline against Plaintiff and discharge of Plaintiff following her notification of her medical condition and request for medical leave constituted a violation of the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

37. Defendant's actions were done willfully, maliciously, wantonly and were done recklessly in an intentional action designed to damage the Plaintiff.

38. Accordingly, Plaintiff is informed and believes that she is entitled to compensatory damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, and a doubling of those damages for an intentional violation, as well as liquidated damages, punitive damages and her reasonable attorney's fees and costs for the bringing of this action.

## REQUEST FOR RELIEF

39. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

40. Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay, and other work benefits.

41. By reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law and said damages to be doubled;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

6. Reinstatement of Plaintiff's position with Defendant; and

7. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, just and proper.

**WIGGER LAW FIRM, INC.**

*s/Kindrea N. Wilson*
Kindrea N. Wilson (Fed. I.D. # 13786)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
Telephone:     (843) 553-9800

North Charleston, South Carolina
October 31, 2022